IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CR-00229-F-4
No. 5:13-CV-00476-F

| | | |
|---|---|---|
| RANDY MOORE, | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-476] Randy

Moore's pending Motion to Vacate, Set Aside, or Correct pursuant to 28 U.S.C. § 2255 [DE-453,

DE-458].[1] The issues have been fully briefed and are now ripe for ruling. For the reasons more

fully stated below, the Government's Motion to Dismiss is ALLOWED, and Moore's Motion to

Vacate is DENIED.

## I. Factual and Procedural Background

On August 3, 2011, Moore was charged in one count of a fourteen-count indictment. *See*

Indictment [DE-1]. Moore was later charged in Count One of a superseding indictment with

conspiracy to manufacture, distribute, and possess with intent to distribute 500 grams or more of

a mixture containing methamphetamine, in violation of 21 U.S.C. § 846. *See* Superseding

Indictment [DE-175]. At Moore's arraignment, held on November 7, 2011, he pled guilty to

Count One of the Superseding Indictment pursuant to a written plea agreement [DE-230].

Moore's sentencing hearing was held on July 17, 2012, and he was sentenced to 158

_____

[1] Moore's initial attempt to initiate a claim for relief under 28 U.S.C. § 2255 was a non-conforming document [DE-453], which was filed on July 1, 2013. At the court's direction, Moore filed a "conforming" motion [DE-458] on July 16, 2013.

months' imprisonment.[2] *See* Judgment [DE-413]. Moore did not appeal his conviction or sentence.

On July 1, 2013, Moore filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-453, DE-458]. In his § 2255 motion, Moore raises the following issues: (1) his attorney provided ineffective assistance of counsel by failing to file a notice of appeal; (2) his attorney provided ineffective assistance of counsel by failing to consult about an appeal; and (3) the court erroneously applied a six-point enhancement for creating a substantial risk of harm to the life of a minor pursuant to U.S.S.G. § 2D1.1(b)(13)(D). Mot. to Vacate Mem. [DE-458-1] at 3.

The Government filed a Motion to Dismiss [DE-476] on September 25, 2013. In its Motion to Dismiss, the Government argues that dismissal is warranted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Moore has failed to state a claim upon which relief can be granted. Mot. to Dismiss [DE-476] at 1. The Government also requested a hearing to address Moore's first two claims. *Id.*

Moore filed a Motion to Appoint Counsel [DE-482] on October 25, 2013. In an order [DE-507] entered on October 14, 2014, the court held that Moore was entitled to a hearing on his first and second claims and allowed his motion for appointed counsel.

On February 18, 2015, Moore's appointed counsel filed a motion seeking to withdraw his ineffective assistance of counsel claims that were set for hearing. Mot. to Dismiss Claim [DE-529] at 2. The court allowed Moore's motion and permitted him to withdraw his first and second

---

[2] Moore's sentence of 158 months was below the advisory guideline range, which was calculated as 188 to 235 months. The court sentenced Moore below the advisory guideline range pursuant to the Government's U.S.S.G. § 5K1.1 motion [DE-410].

2

claims. February 19, 2015 Order [DE-530] at 1. The court noted that Moore's third claim and the Government's Motion to Dismiss remained pending. *Id.* at 1 n.1

## II. Legal Standard

### Rule 12(b)(6) Motion to Dismiss

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'shp*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

## III. Discussion

### Moore's third claim is barred by the waiver in his plea agreement.

Moore's plea agreement contained a waiver of his right to challenge his conviction or

3

sentence under 28 U.S.C. § 2255, except in limited circumstances. Such a waiver is enforceable

if the defendant waives this right knowingly and voluntarily. *See United States v. Lemaster*, 403

F.3d 216, 220 (4th Cir. 2005) ("[A] criminal defendant may waive his right to attack his

conviction and sentence collaterally, so long as the waiver is knowing and voluntary."). The

determination regarding whether a waiver is knowing and voluntary depends "upon the particular

facts and circumstances surrounding that case, including the background, experience and conduct

of the accused." *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992) (quoting *Johnson v.

Zerbst*, 304 U.S. 458, 464 (1938)). The truth of sworn statements made during a Rule 11

colloquy is conclusively established, absent extraordinary circumstances. *Lemaster*, 403 F.3d at

221-22.

In this case, Moore's plea agreement, which he signed and agreed to in open court,

contains the following waiver:

> To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to
> appeal whatever sentence is imposed, including any issues that relate to the
> establishment of the advisory Guideline range, reserving only the right to appeal from
> a sentence in excess of the applicable advisory Guideline range that is established at
> sentencing, and further to waive all rights to contest the conviction or sentence in any
> post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting
> an appeal or motion based upon grounds of ineffective assistance of counsel or
> prosecutorial misconduct not known to the Defendant at the time of the Defendant's
> guilty plea.

Plea Agreement [DE-230] at 1-2. The court finds that Moore's waiver was both knowing and

voluntary. Moreover, even if it were not, Moore is foreclosed from raising the issue because he

did not raise it on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ("[T]he

voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first

challenged on direct review.").

4

Moore's claim that the court erroneously applied a six-point enhancement for creating a substantial risk of harm to the life of a minor pursuant to U.S.S.G. § 2D1.1(b)(13)(D) does not deal with ineffective assistance of counsel or prosecutorial misconduct not known to him at the time of his guilty plea. Accordingly, pursuant to the waiver in his plea agreement, Moore has waived the right to pursue his third claim.

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-476] is ALLOWED, and Moore's § 2255 motion [DE-453, DE-458] is DENIED.

A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). However, when a district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

The court concludes that Moore has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the _8_ day of October, 2015.

James C. Fox
Senior United States District Judge

5